ENRIQUETA JOGLAR DÍAZ ET AL., Plaintiffs and Appellants, *v.* GREGORIO MARIÑELARENA ET AL., Defendants and Appellees.

No. 4973. Argued May 27, 1929.—Decided June 10, 1929.

*F. Soto Gras* and *R. Díaz Collazo* for the appellants. *M. Benítez Flores* for appellee Mariñelarena.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

We are asked to dismiss this appeal (1) because the transcript of the judgment roll was not filed in this court in time and is insufficient for a determination,. and (2) because the appellants moved in the district court for an extension "in order to choose between a transcript of the evidence by the stenographer and a statement of the case" which the law does not authorize and the extension granted having expired without presentation of the transcript.

The appellants opposed the dismissal, alleging that the motion was made after filing in this court the judgment roll, which is complete and sufficient for a determination of the appeal. In referring to the second ground alleged the appellants say that the appellees did not object to the granting of the extension for electing the procedure to be followed. Nothing is said by the appellants about whether the time for filing the statement of the case or the transcript of the evidence in the district court expired without either of the documents being presented. We think that it may be deduced from their assertion that the transcript presented is complete and sufficient and from their omission to controvert the

averment contained in the motion of the appellees that they admit the nonexistence in the trial court of any document pending approval.

It would have been so easy for the appellees to have secured and presented with their motion a certificate of the clerk showing the conditions of the proceedings on appeal that their failure to do so would be a sufficient ground for overruling their motion. However, we are inclined to settle the matter finally with the existing data in view of the opinion which we have formed.

The judgment appealed from was rendered on February 27, 1929, and the appeal was taken on the 4th of the following March, or within the time allowed in an action of unlawful detainer. That being so, and as there is no bill of exceptions, statement of the case or transcript of the evidence pending approval, the transcript should have been filed in the office of the secretary of the Supreme Court within thirty days after the date on which the appeal was taken. It was filed on May 1, or after the expiration of that period, but as the motion to dismiss was made on May 10, the delay is not sufficient of itself to justify dismissal of the appeal.

Is the transcript sufficient and complete? It consists of copies of the complaint, of the answer, of a motion to dismiss the complaint as to the defendant Bernabe ''because the averments of the complaint and from the evidence introduced by the plaintiffs'' that should be done, of the statement of the case and opinion, of the judgment and of the notice of appeal.

The complaint in unlawful detainer was dismissed as to defendant Bernabe and sustained as to defendant Mariñelarena. The appeal was taken by the plaintiffs. We know the terms of the motion for a judgment in favor of Bernabe. It is deduced from the statement of the case and the opinion that for the dismissal of the complaint as to Bernabe the court relied on the evidence introduced at the trial by both parties.

Such being the case, how can that judgment be reversed, as sought by the appellants, without including in the transcript the evidence on which it is based? We must answer in the negative and consequently dismiss the appeal.

The motion of the appellees is sustained because the transcript of the record is not sufficient for considering and deciding the appeal and therefore the appeal must be dismissed.